IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MARIA E. GUCCIONE-KRITIKOS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-07124 |
| | ) | |
| COOK COUNTY STATE'S ATTORNEY'S OFFICE, | ) | JURY DEMANDED |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

1. Plaintiff, Maria E. Guccione-Kritikos ("Plaintiff"), by and through her attorneys, the Law Offices of Michael T. Smith & Associates, P.C., in complaining of Defendant, Cook County State's Attorney's Office ("Defendant"), states as follows:

### NATURE OF CASE

2. Plaintiff brings this action against Defendant under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) *et seq.* ("Title VII") as amended by the Pregnancy Discrimination Act, the Americans with Disabilities Act, 42 U.S.C. 12101 *et seq.* ("ADA"), and the Family Medical Leave Act, 29 U.S.C. 2601 *et seq.* ("FMLA") for discriminating against her on the basis of her gender/pregnancy, and disabilities, retaliating against her for engaging in activity protected by Title VII, the ADA, and the FMLA, and interfering with her FMLA leave rights, all during the course of her employment with Defendant.

### JURSIDICTION AND VENUE

3. Jurisdiction of this action is conferred upon the Court by 28 U.S.C. § 1331.

4. Venue for this action is proper in the United States District Court for the Northern District of Illinois, Eastern Division, under 28 U.S.C. § 1391(b)(1)-(2) and (d) because the

employment practices hereafter alleged to be unlawful were committed in the Northern District of Illinois and because Defendant's contacts are sufficient to subject it to personal jurisdiction in that district.

5. Plaintiff filed a charge against Defendant with the Equal Employment Opportunity Commission ("EEOC") asserting claims like or reasonably related to the claims asserted herein (*see* "Exhibit A"). Thereafter, the EEOC sent Plaintiff a Notice of Right to Sue on those claims (*see* "Exhibit B").

6. Plaintiff timely initiated this action with the United States District Court for the Northern District of Illinois within 90 days of her receipt of the Notice of Right to Sue.

## PARTIES

7. Plaintiff is an adult, female, disabled individual and is a resident of Arlington Heights, Illinois.

8. Defendant is a state agency organized under the laws of the State of Illinois.

9. At all times relevant to the allegations herein, Defendant was an "employer" of Plaintiff as that term is defined under Title VII, the ADA, and the FMLA.

10. At all times relevant to the allegations herein, Plaintiff was an "employee" of Defendant as that term is defined under Title VII, the ADA, and the FMLA.

## FACTUAL ALLEGATIONS

11. Plaintiff was diagnosed with infertility, hypothyroidism, and irritable bowel syndrome. These disabilities substantially limit Plaintiff in several daily life activities, including but not limited to eating and excreting metabolic waste. These disabilities also substantially limit Plaintiff in several major bodily functions including but not limited to the endocrine function, digestive function, and the reproductive function.

12. Plaintiff was offered her employment with Defendant on or around September 22, 2022, and began in November 2022 as an Assistant State's Attorney.

13. At all times relevant to the allegations herein, Defendant was aware of Plaintiff's disabilities.

14. At all times relevant to the allegations herein, Plaintiff was meeting the legitimate job performance expectations of Defendant when said expectations were applied to her, regardless of gender, disability, requests for disability accommodations, and requests for FMLA leave.

15. In or around May of 2023, Plaintiff notified her supervisors that she intended to start IVF treatments in the coming months and that she would need time off for various doctors' appointments and medical procedures.

16. Thereafter, Plaintiff requested, and Defendant provided, reasonable disability accommodations to Plaintiff in the form of allowing her to work through lunch so that she could attend various appointments for doctor visits and medical procedures.

17. After Plaintiff began taking time during the workday to attend doctors' appointments, one of her coworkers, Tristin Minx, began harassing Plaintiff.

18. For instance, Ms. Minx would come to Plaintiff's courtroom while she was performing her duties and cause disruptions and distractions, she began scheduling Plaintiff to work courtrooms with the heaviest caseloads, accusing her of being slow, micromanaging and admonishing her in front of other assistant state's attorneys despite the fact that she had no authority over Plaintiff and did not supervise or manage her, and asking her personal medical questions about her condition in front of other assistant state's attorneys.

19. Plaintiff did not witness Ms. Minx subject her similarly situated non-disabled

coworkers to similar treatment.

20. On one occasion, Plaintiff noticed that her office chair had been switched out with another chair that had a stain on it. Later that day, Ms. Minx confronted Plaintiff and yelled at her, "By the way, that chair was Yasmine's first. You should not have it. You did not have a baby, she did." Plaintiff was flabbergasted and appalled by Ms. Minx's hurtful comments.

21. Plaintiff complained to her managers on multiple occasions about Ms. Minx harassment towards her due to her fertility issues, but her complaints were never addressed, or even looked into to the best of Plaintiff's knowledge.

22. After Plaintiff complained about Ms. Minx, she noticed that her supervisors had decided to take sides with Ms. Minx as they began treating Plaintiff similar to how Ms. Minx was treating her.

23. For instance, by October of 2023, Plaintiff's supervisors were micromanaging her, admonishing her in front of other assistant state's attorneys with a highly elevated voice, blaming her for issues that similarly situated non-disabled coworkers who did not engage in protected activity were actually culpable for. Plaintiff also had most of her higher-level assignments and responsibilities stripped away from her and role in the courtroom was diminished, thereby preventing her from gaining valuable experience as a newer attorney. Plaintiff did not witness her supervisors subject her similarly situated non-disabled coworkers who had not engaged in protected activity to similar treatment.

24. In or around February 2024, Plaintiff requested intermittent FMLA leave for her IBS and IVF procedures. Plaintiff received the FMLA paperwork to complete in March 2024.

25. On March 15, 2024, while Plaintiff was in the process of completing the FMLA paperwork, Defendant advised Plaintiff that her "services were no longer needed." No further

4

explanation was provided to Plaintiff by Defendant at that time.

26. At the time that Plaintiff was terminated, she had no writeups or other disciplinary actions against her, no performance improvements plans, and no formal job counseling.

## COUNT I
### (TITLE VII – GENDER/PREGNANCY DISCRIMINATION)

27. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

28. Title VII prohibits employers from discriminating against employees based upon gender regarding the material terms and conditions of employment.

29. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her gender when it subjected her to a hostile work environment and terminated her employment.

30. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

31. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible gender discrimination.

32. Plaintiff demands to exercise her right to a jury trial of this matter.

### RELIEF REQUESTED AS TO COUNT I

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count I and that it:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff any other relief this Court deems just and proper.

## COUNT II
## (TITLE VII – RETALIATION)

33. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

34. Title VII prohibits employers from retaliating against employees for engaging in protected activity, such as gender/pregnancy-based harassment, concerning the material terms and conditions of employment.

35. Plaintiff engaged in activity protected by Title VII when she complained of pregnancy/gender harassment.

36. By its conduct as alleged herein, Defendant retaliated against Plaintiff for complaining of gender/pregnancy harassment when it subjected her to a hostile work environment and terminated her employment.

37. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress.

38. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

39. Plaintiff demands to exercise her right to a jury trial of this matter.

**RELIEF REQUESTED AS TO COUNT II**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count II and that it:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages and damages for emotional distress;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff any other relief this Court deems just and proper.

## COUNT III
## (ADA – DISABILITY DISCRIMINATION)

40. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

41. The ADA prohibits employers from discriminating against employees on account of a disability.

42. By its conduct as alleged herein, Defendant discriminated against Plaintiff on the basis of her disabilities when it subjected her to a hostile work environment and terminated her employment without reasonable cause or justification.

43. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress due to the loss of her employment.

44. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible disability discrimination.

45. Plaintiff demands to exercise her right to a jury trial of this matter.

### PRAYER FOR RELIEF AS TO COUNT III

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count III and:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not

limited to lost wages and damages for emotional distress;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff any other relief this Court deems just and proper.

## COUNT IV
### (ADA – RETALIATION)

46. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as if fully set forth herein.

47. The ADA prohibits employers from retaliating against employees for engaging in protected activity, such as requesting accommodations or complaining about disability discrimination.

48. Plaintiff engaged in ADA protected activity when she requested disability accommodations and complained of disability discrimination as alleged herein.

49. By its conduct as alleged herein, Defendant retaliated against Plaintiff for engaging in protected activity when subjected her to a hostile work environment and terminated her employment without reasonable cause or justification.

50. As a result of Defendant's actions, Plaintiff has suffered lost wages, other economic losses, and emotional distress due to the loss of her employment.

51. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

52. Plaintiff demands to exercise her right to a jury trial of this matter.

### PRAYER FOR RELIEF AS TO COUNT IV

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count IV and:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages;

d) Award Plaintiff reasonable attorney's fees, costs and disbursements;

e) Award Plaintiff any other relief this Court deems just and proper.

## COUNT V
### (FMLA INTERFERENCE)

53. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as fully set forth herein.

54. The FMLA requires employers to grant employees at least 12 weeks of leave per year to treat or recover from serious health conditions.

55. As alleged herein, Plaintiff requested intermittent FMLA leave from Defendant, related to qualifying serious health conditions.

56. Plaintiff had worked for Defendant for more than 1250 hours over the year preceding her request for intermittent FMLA leave. Plaintiff had not exhausted all of her FMLA leave entitlement at the time that she requested intermittent FMLA leave.

57. Defendant interfered with Plaintiff's FMLA rights by terminating her employment before granting her FMLA leave request.

58. Defendant's conduct toward Plaintiff exhibited an intentional disregard for Plaintiff's rights under the FMLA and Defendant intentionally violated such rights.

59. As a result of Defendant's actions, Plaintiff has suffered lost wages and other economic damages.

60. Plaintiff demands to exercise her right to a jury trial of this matter.

**PRAYER FOR RELIEF AS TO COUNT V**

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count V and:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages;

d) Award Plaintiff liquidated damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

**COUNT VI**
**(FMLA RETALIATION)**

61. Plaintiff re-alleges paragraphs 1 through 26 and incorporates them as fully set forth herein.

62. The FMLA prohibits employers from retaliating against employees for exercising their FMLA rights or complaining about FMLA rights not being granted.

63. As alleged herein, Plaintiff requested intermittent FMLA leave from Defendant and complained about not being granted intermittent FMLA leave.

64. By its conduct as alleged herein, Defendant retaliated against Plaintiff for requesting intermittent FMLA leave when it terminated her employment.

65. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless disregard of Plaintiff's right to be free from impermissible retaliation.

66. As a result of Defendant's actions, Plaintiff has suffered lost wages and other economic damages.

67. Plaintiff demands to exercise her right to a jury trial of this matter.

## PRAYER FOR RELIEF AS TO COUNT VI

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant on Count VI and:

a) Award Plaintiff equitable/injunctive relief;

b) Award Plaintiff the value of all actual damages proven at trial;

c) Award Plaintiff compensatory damages to make her whole, including but not limited to lost wages;

d) Award Plaintiff liquidated damages;

e) Award Plaintiff reasonable attorney's fees, costs and disbursements;

f) Award Plaintiff any other relief this Court deems just and proper.

          **MARIA E. GUCCIONE-KRITIKOS**

By:**/s/ Michael T. Smith**
    Michael T. Smith
    Trial Attorney

Michael T. Smith (ARDC No. 6180407)
**LAW OFFICES OF MICHAEL T. SMITH & ASSOCIATES, P.C.**
3030 Warrenville Road, Suite 450-42
Lisle, Illinois 60532
(847) 450-1103 | (847) 895-0626
msmith39950@aol.com
msmithlaw123@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIA E. GUCCIONE-KRITIKOS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:25-cv-07124 |
| | ) |
| COOK COUNTY STATE'S | ) JURY DEMANDED |
| ATTORNEY'S OFFICE, | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT**

# EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974; See Privacy Act Statement before completing this form.

| AGENCY | CHARGE NUMBER |
|---|---|
| ☐ FEPA<br>☒ EEOC | |

and EEOC

State or local Agency, if any | S.S. No.

| NAME (Indicate Mr., Ms., Mrs.) | HOME TELEPHONE (Include Area Code) |
|---|---|
| Mrs. Maria E. Guccione-Kritikos | [redacted] |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | DATE OF BIRTH |
|---|---|---|
| [redacted] | [redacted] | [redacted] |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP COMMITTEE, STATE OR LOCAL GOVERNMENT AGENCY WHO DISCRIMINATED AGAINST ME (If more than one list below.)

| NAME | NUMBER OF EMPLOYEES, MEMBERS | TELEPHONE (Include Area Code) |
|---|---|---|
| Cook County State's Attorney's Office | 500+ | (312) 603-1880 / (312) 603-1822 |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| 69 W. Washington St., Ste. 3200 | Chicago, Illinois 60602 | Cook |

| NAME | TELEPHONE NUMBER (Include Area Code) |
|---|---|
| | |

| STREET ADDRESS | CITY, STATE AND ZIP CODE | COUNTY |
|---|---|---|
| | | |

CAUSE OF DISCRIMINATION BASED ON (Check appropriate box(es))

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ AGE
☒ RETALIATION  ☐ NATIONAL ORIGIN  ☒ DISABILITY  ☒ OTHER (Specify) Hostile Work Environment & Pregnancy

DATE DISCRIMINATION TOOK PLACE
EARLIEST (ADEA/EPA): 08/15/2023
LATEST (ALL): 03/15/2024

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent as an Assistant State's Attorney on or about September 22, 2022. I began working for Respondent on or about November 7, 2022. During my employment, I experienced harassment based upon my gender and disabilities (Infertility/IVF, Hypothyroidism, and IBS).

After I complained of the harassment, and after I requested disability accommodations/FMLA leave for my disabilities, I was terminated from employment without reasonable justification.

I believe I have been discriminated against and retaliated against in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000(e) et seq. ("Title VII") and the Americans with Disabilities Act, 42 U.S.C. 12101 et seq. ("ADA"). I further believe that I was retaliated against for requesting FMLA leave.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or telephone number and I will cooperate fully with them in the processing of my charge in accordance with their proceedures.

NOTARY - (When necessary for State and Local Requirements)

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.

I declare under penalty of perjury that the foregoing is true and correct.

SIGNATURE OF COMPLAINANT

7/27/2024    *Maria E. Guccione-Kritikos* (signature)

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(Day, month, and year)

Date    Charging Party (Signature)

EEOC FORM 5 (Test 10/94)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MARIA E. GUCCIONE-KRITIKOS,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:25-cv-07124 |
| ) | |
| **COOK COUNTY STATE'S** ) | JURY DEMANDED |
| **ATTORNEY'S OFFICE,** ) | |
| ) | |
| Defendant. ) | |

**COMPLAINT**

# EXHIBIT B

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

Chicago District Office
230 S Dearborn Street
Chicago, IL 60604
(800) 669-4000
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 03/27/2025

**To:** Mrs. MARIA E. GUCCIONE-KRITIKOS

Charge No: 440-2024-10629

EEOC Representative and email:  NIA MOORE
Investigator
nia.moore@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign in to the EEOC Public Portal and upload the court complaint to charge 440-2024-10629.

On behalf of the Commission,

Digitally Signed By: Amrith Kaur Aakre
03/27/2025

Amrith Kaur Aakre
District Director

Cc:
Nile N Miller
Cook County State's Attorney's Office
69 W Washington Street
Chicago, IL 60602

Michael T Smith
Michael T. Smith & Associates
10 N Martingale Road Suite 400
Schaumburg, IL 60173

Michael T Smith
Michael T. Smith & Associates
10 N Martingale Road Suite 400
Schaumburg, IL 60173

Josh McCann
10 N Martingale Road Suite 400
Schaumburg, IL 60173

Please retain this notice for your records.